UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 1:05-cv-10226-WGY

---

JEAN MILES
APPELLANT

v.

BENEFICIAL MASSACHUSETTS INC.
APPELLEE

---

BRIEF OF APPELLEE, BENEFICIAL MASSACHUSETTS INC.

---

Thomas E. Carlotto
BBO#640277
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, RI  02903

Patricia A. Davis
BBO# 556262
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, RI  02903

Attorneys for Appellee

## TABLE OF CONTENTS

STANDARD OF REVIEW……………………………………………………..1


STATEMENT OF THE CASE…………………………………………………1
    I.      INTRODUCTION
    II.    FACTS
    III.   ISSUES THE DEBTOR CONTENDS ARE PRESENTED ON APPEAL


LEGAL ARGUMENT……………………………………………………….6


CONCLUSION…………………………………………………………19

# TABLE OF AUTHORITIES

## STATUTES, REGULATIONS, and COURT RULES

11 U.S.C. §362(d)(2)............................................................9
11 U.S.C. §362(d)(1)............................................................9
11 U.S.C. §362(e)..............................................................11
11 U.S.C. §501(a).............................................................6,7
11 U.S.C. §502(a)..............................................................6
11 U.S.C. §506(d)(2)...........................................................7
11 U.S.C. §523(a)(8)...........................................................7
11 U.S.C. §1322(b)(2)..........................................................9
11 U.S.C. §1327(a)............................................................11
11 U.S.C. §1327(c).............................................................8


Federal Rule of Bankruptcy Procedure 3001(f)..................................7
Federal Rule of Bankruptcy Procedure 7001(2)...............................9,10

## CASE LAW

In re Beard, 112 Bankr. 951,
955-56 (Bankr. N.D. Ind. 1990).......................................7,8,10,12

Cen-Pen Corporation v. Hanson, 58 F.3d 89 (4th Cir. 1995)...........7,8,9,10

In re Ellis, 60 B.R. 432, 1985 Bankr. LEXIS 4720 (9th Cir BAP).......14,15

Paul J. Grella, Trustee v. Salem Five Cents Savings Bank, 42 F.3d 26,
(U.S. App 1st Cir. 1994).................................................18

Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154,
115 L.Ed 2d 66 (1991).....................................................7

In re Mammel, 221 B.R. 238 (Bankr. N.D. Iowa 1998)........................12

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313,
70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)...................................11

New York City Employees' Retirement Sys. v. Sapir (In re Taylor), 243 F.3d 124 (2d
Cir., 2001) ..............................................................1

NPR, Inc. v. American International Insurance Company of Puerto Rico,
262 F. Supp.2d 3, (Dist. PR 2003)..................................................…...…16,17

Peerless Insurance Company v. Rivera, 208 B.R. 313;
1997 U.S. Dist. LEXIS 6495....................................................................14

In re Pizzullo, 33 B.R. 740 (Bankr. E.D. Pa. 1983)......................................14

In re Quinlan, 12 B.R. 516 (Bankr. W.D. Wis. 1981)...................................14

In re Reuhle, 307 B.R. 28; 2004 Bankr. LEXIS 285;
Bankr. L. Rep. (CCH) P80, 075; 2004 FED App. 0003P (6th Cir. 2004)......... 11,12

In re Simmons, 765 F.2d 547, 1985 U.S. App. LEXIS 20573 (5th Cir. 1985)..........7

Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969
(1st Cir. 1997) ...............................................................................1, 14

In re Tardugno, 241 B.R. 777, 779 (1st Cir. BAP 1999)...............................16

In re Tarnow, 749 F. 2d 464, 467 (7th Cir. 1984)........................................7

United States v. Canon, 534 F.2d 139, 140 (9th Cir., 1976)....................…...…2

## STANDARD OF REVIEW

The Bankruptcy Court's interpretation of the text of the Plan constitute conclusions of law reviewed de novo. <u>New York City Employees' Retirement Sys. v. Sapir (In re Taylor)</u>, 243 F.3d 124 (2d Cir., 2001). A different standard of review applies to the bankruptcy court's discretionary decision to lift the automatic stay. That ruling is reviewed only for an abuse of discretion. <u>Soares v. Brockton Credit Union (In re Soares)</u>, 107 F.3d 969 (1st Cir., 1997).

## STATEMENT OF THE CASE

### I.  Introduction:

This appeal arises out of an Order entered by the Honorable William C. Hillman determining that the Debtor/Appellant's ("Debtor") confirmed Chapter 13 Plan did not affect the validity of a mortgage held by Beneficial Massachusetts, Inc. ("Beneficial") and granting  Beneficial relief from the section 362 automatic stay.

As an initial matter it must be noted that the Debtor has filed a brief with this Honorable Court in the within matter and contends at footnote one that the facts recited therein "were before the lower court by Affidavit and verification, or by documentary submission; Beneficial has never filed any evidentiary materials disputing them." The majority of the facts recited by the Debtor are facts as alleged in an adversary complaint filed after the Order in issue was entered. The facts alleged by Debtor are not part of the record on appeal, and Debtor may not

alter the record in this manner simply by appending an Adversary Complaint to a Motion for Reconsideration.  See United States v. Canon, 534 F.2d 139, 140 (9th Cir., 1976).   At all times relevant, Debtor has failed to avail herself of the opportunity to present her claims in the form of an adversary proceeding, and it is improper to assert such unproven allegations in this appeal.


## II.  Facts:

Debtor is the obligor pursuant to a promissory note in favor of Beneficial, in an original principal amount of $232,896.65 ("the Note"). Bankruptcy Court Memorandum of Decision dated November 24, 2004 ("Memorandum of Decision") at page 2.  To secure the Note, the Debtor executed in favor of, and delivered to Beneficial a mortgage encumbering the property known as 51 Caroline Drive, Bellingham, Massachusetts.  Memorandum of Decision at page 2.

On or about October 23, 2003, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division)  Memorandum of Decision at page 3.[1]

On or about November 7, 2003, Debtor proposed a Chapter 13 Plan ("Plan") which contained the following statement "$180,000.00 is unsecured claim

---

[1] On or about November 17, 2003, Debtor caused a letter to be sent to Beneficial's counsel attempting to rescind the loan.  On or about December 8, 2003, Beneficial's counsel responded to Debtor and declined the demand for rescission.  At no time did Debtor tender funds in connection with her attempted rescission.

alleged owed to Beneficial Massachusetts, Inc., (First mortgage) which Debtor disputes and plans to file an adversary proceeding asserting various consumer protection claims, including, but not limited to, violations of TILA, MCCCDA, RESPA, M.G.L. 93A". Memorandum of Decision at page 3.[2]  The Plan was confirmed on January 22, 2004. Memorandum of Decision at pages 2-3.

On February 18, 2004, Beneficial (not through counsel) filed a secured proof of claim. Memorandum of Decision at pages 3-4. On April 1, 2004, Debtor, through counsel, filed an unsecured proof of claim on behalf of Beneficial. Memorandum of Decision at page 4. The bar date to file claims expired on March 2, 2004.

On or about July 12, 2004, Beneficial filed a Motion for Relief from the Automatic Stay, alleging that the total due on the Note, as of July 8, 2004, was $268,138.12 (Beneficial's Motion for Relief from Stay "MRS" at ¶ 9), that the property was secured by water/sewer taxes of $1,172.00 (MRS at ¶ 15), and real estate taxes of $11,855.87 (MRS at ¶ 16), for secured encumbrances on the property totaling $281,165.99 (MRS at ¶ 17). The Motion set forth a fair market value of the property of $300,000.00, as set forth in Debtor's Schedule A of the Petition (MRS at ¶ 19), and a liquidation value of $280,082.00 ( MRS at ¶19). Debtor, in her response to the Motion for Relief, admitted the fair market value of the property was $300,000.00 as set forth in her Schedules, and plead insufficient knowledge to admit or deny the liquidation value. Additionally, Beneficial

---

[2] Counsel to Beneficial was not served with a copy of the Plan.

asserted a post-petition arrearage in excess of $15,685.52 (MRS at ¶ 11). At all times relevant, Debtor failed to present proof of post-petition payments to refute Beneficial's claim of a substantial arrearage.

On August 19, 2004, Beneficial filed a Motion for Post Confirmation Relief to Determine the Validity of Movant's Lien, or in the alternative, for an Order Vacating the Confirmation Order Entered in this Matter.

On November 24, 2004, the Bankruptcy Court issued an Order (1) declaring that confirmation of Debtor's Plan did not affect the validity of Beneficial's mortgage, and (2) granting Beneficial relief from the automatic stay to exercise its non-bankruptcy rights and remedies against the Debtor and the property.

On or about December 3, 2004, Debtor filed a Motion for Reconsideration, which motion was denied by the Bankruptcy Court on December 9, 2004.

On December 3, 2004, Debtor filed an Adversary Complaint against Beneficial, alleging common law fraud, negligent misrepresentation, unconscionability, tort, infliction of emotional distress, truth in lending violations under 15 U.S.C. Section 1602, violations of Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. Chapter 140D, violations of Massachusetts High Cost Mortgage Loans, 209 C.M.R. Section 32.32 and violations of Massachusetts Consumer Protection Act, M.G.L. Chapter 93A.

Debtor has appealed the Order dated November 24, 2004, issued by Judge Hillman, and Judge Hillman's denial of Debtor's Motion for Reconsideration.

## III. ISSUES THE DEBTOR CONTENDS ARE PRESENTED ON APPEAL:

Debtor sets forth four issues to be presented on appeal:

1.    Where a Chapter 13 Plan, which treated a Creditor's rescinded mortgage as an unsecured debt, was confirmed without objection, did the Bankruptcy Court err in determining that the Confirmed Plan did not affect the validity of Creditor's mortgage?

2.    Where a Debtor validly rescinded Creditor's mortgage, and subsequently relied upon the failure of Creditor to object to the Debtor's Chapter 13 Plan, and failure of the Creditor to object to Proof of Claim filed on its behalf, and where Debtor had no actual or constructive notice of a Proof of Claim filed by Creditor, did the Bankruptcy Court err in granting Relief from the Automatic Stay, especially in light of Creditor's acceptance of payments as an unsecured Creditor under the Plan, and the adequate equity cushion?

3.    Did the Bankruptcy Court err in summarily denying Debtor's motion for reconsideration wherein the Debtor represented that, prior to the Bankruptcy Court's underlying ruling, no party in interest, including Creditor's counsel and the Chapter 13 Trustee, had knowledge of the Secured Proof of Claim filed by Creditor and that the Bankruptcy Court's electronic filing system (PACER) failed to reflect the filing of that Claim, especially since Debtor simultaneously filed an adversary proceeding contesting this Proof of Claim in light of this newly discovered evidence?

5

4.    Where the valid rescission of a security interest was raised as a defense to Creditor's Motion for Relief from Stay, and the Creditor never challenged the rescission nor briefed nor argued the validity of the security interest in the Bankruptcy Court, did the Bankruptcy Court err in vacating the stay and permitting foreclosure of the rescinded security interest?

## LEGAL ARGUMENT:

**1. Where a Chapter 13 Plan, which treated a Creditor's rescinded mortgage as an unsecured debt, was confirmed without objection, did the Bankruptcy Court err in determining that the Confirmed Plan did not affect the validity of Creditor's mortgage?**

The Debtor's first issue on appeal presumes that there is a "rescinded mortgage" and characterizes its plan as having clearly treated that mortgage as unsecured, which is contrary to the Bankruptcy Court's findings. In actuality, the issue on appeal  is whether the Bankruptcy Court erred in determining that the Plan provision in question was not sufficient to accomplish the Debtor's goal of rendering the mortgage void.

1.  Beneficial's lien passes through the bankruptcy.

The Bankruptcy Court, in its consideration of this case, noted that a secured proof of claim had been filed by Beneficial (not through counsel) on February 18, 2004.  Under Section 502(a) of the Code, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

interest…objects." Bankruptcy Rule 3001(f) provides that a proof of claim filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. In light of the filed proof of claim, and Debtor's failure to object to that proof of claim, Debtor's confirmed plan clearly may not treat Beneficial's claim as unsecured.

At the hearing before the bankruptcy court, however, neither Debtor nor counsel for Beneficial was aware that a proof of claim had been filed by Beneficial. Apparently the debtor's name appeared as "Jean Murphy" on the proof of claim (as in the promissory note in issue), rather than Jean Miles. The outcome, however, is the same. Section 501(a) of the Code permits a creditor to file a proof of claim, although no creditor is required to file a proof of claim. In re Simmons, 765 F.2d 547, 1985 U.S. App. LEXIS 20573 (5th Cir. 1985). Under Section 506(d)(2), failure to file a proof of claim is not the basis for avoiding a lien of a secured creditor. In re Tarnow, 749 F. 2d 464, 467 (7th Cir. 1984). The general rule is that a lien passes through the bankruptcy process unaffected. Cen-Pen Corporation v. Hanson, 58 F.3d 89 (4th Cir. 1995). It is a basic tenet of bankruptcy law that a bankruptcy discharge extinguishes only in personam claims against the debtor, but generally has no effect on in rem actions against the debtor's property. Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154, 115 L.Ed 2d 66 (1991). Even where confirmed without objection, a plan will not eliminate a lien simply by failing or refusing to acknowledge it or by calling the creditor unsecured. In re Beard, supra, citing In Re Simmons, supra.

As such, Beneficial's security interest passes through the bankruptcy whether a proof of claim was filed, or not.

2.  Beneficial is not bound to the terms of Debtor's confirmed plan, under Section 1327(a) of the Code.  Under Section 1327(c) of the Bankruptcy Code, "…the property vesting in the debtor ..is free and clear of any claim or interest of any creditor provided for by the plan".  In general, a plan "provides for" a claim or interest when it acknowledges the claim or interest and makes explicit provision for its treatment.  Cen-Pen, at 94.  Judge Hillman disagreed, however, with Debtor's contention that the Plan provided for Beneficial's claim.  As Judge Hillman noted in his decision, "The plan does not in any meaningful sense dispose of Beneficial's claim.  The plan neither allows nor denies any portion of Beneficial's claim.  The plan is simply silent as to Beneficial's secured claim and mortgage.  It treats Beneficial's claim only under the heading of unsecured claims and states that part of the unsecured debt in the case is "*alleged* unsecured claim owed to beneficial" (emphasis added).  The unsecured claim is described as "alleged" and "disputed", but the plan does not specify the nature of the dispute. The plan indicates that the Debtor plans to file an adversary proceeding asserting various consumer protection claims, but the plan does not indicate what the Debtor intends to accomplish in the adversary proceeding (rescission of the mortgage, limitation of debt, damages?).  In short, the plan contemplates further proceedings as to an unspecified dispute over the debt and does not specify or limit what may

be at issue in the further proceeding. Given these facts, the plan must be construed as not adjudicating the validity or amount of Beneficial's security interest and debt, but of leaving those issues – virtually all issues surrounding Beneficial's claim – for resolution in the adversary proceeding. At the very least, the plan did not adequately put Beneficial on notice that the validity of its mortgage was being resolved through the plan. Whether or not a debtor may annul a mortgage on nonbankruptcy, consumer protection grounds through a chapter 13 plan (without need of an adversary proceeding), a debtor may not do so without much clearer notice than was afforded by this plan." Bankruptcy Court Order dated 11/24/04 at 10, 11.


3.  Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property".

Debtor may bring an action to modify a secured claim under Section 1322(b)(2)of the Code by way of an adversary proceeding. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property". In Cen-Pen, supra, the United States Court of Appeals for the Fourth Circuit addressed the issue of the effect of confirmation of a chapter 13 plan on a creditor's lien. In the Cen-Pen case, the debtors argued that the creditor's liens, mortgages secured by the debtor's residence, were extinguished by virtue of the fact that the chapter 13

plan treated the creditor's liens as unsecured. The plan required the creditors to submit proofs of claim and objections to the plan within a specified time period, and that the plan would be automatically confirmed if no objections were filed. The creditor failed to file an objection to the plan, and did not file a proof of claim. The bankruptcy court held that confirmation of the debtors' plan vested the property in the debtors, free and clear of liens. The creditor filed an appeal, and the district court reversed the bankruptcy court's decision, holding that confirmation of the plan simply vested in the debtors the same interest in the property that they enjoyed prior to the bankruptcy, that is, an interest subject to creditor's lien.

On appeal of the district court opinion, the United States Court of Appeals for the Fourth Circuit held that while Section 1327 of the Code appears to say that confirmation of the plan is res judicata as to the creditor's claim, other provisions of the Code and Rules require different results. The court noted that, "the simple expedient of passing their residence through the bankruptcy estate could not vest in the Hansons a greater interest in the residence than they enjoyed prior to filing their petition." Id at 93. Specifically, the court noted, Rule 7001(2) expressly requires the debtors to file an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in the property. The court held that the res judicata provision of the confirmation process applies as to "issues which can be raised in the less formal procedure for contested matters, see In re Beard, 112 Bankr. 951, 955-56 (Bankr. N.D. Ind. 1990) (contrasting adversary proceedings

with contested matters), confirmation generally cannot have preclusive effect as to the validity of a lien, which must be resolved in an adversary proceeding." Id. at 93. The court went on to hold that the creditor's failure to file a proof of claim, and the fact that it was listed as an unsecured debt in the debtor's plan did not suffice to avoid the creditor's lien.

Other courts have addressed the issue of what the debtor may hope to accomplish through its chapter 13 plan. In In re Reuhle, 307 B.R. 28; 2004 Bankr. LEXIS 285; Bankr. L. Rep. (CCH) P80, 075; 2004 FED App. 0003P (6th Cir. 2004), the United States Bankruptcy Appellate Panel for the Sixth Circuit considered the provisions of Section 1327(a) of the Code regarding confirmation of a plan, in relation to a creditor's due process right pursuant to the Fifth Amendment to the Constitution. The chapter 13 plan in issue in Ruehle, supra, included a provision that confirmation of the plan would constitute a finding that the loans were dischargeable under the "undue hardship" provision of 11 U.S.C. Section 523(a)(8). The court held that such a provision, "a discharge by declaration" was unenforceable as a violation of the creditor's due process rights. The court relied on the United States Supreme Court ruling in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950), in establishing the requirements of due process: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonable calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to

present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. In re Ruehle, at 33. The court in Ruehle, supra, went even further to warn that the practice of including discharge by declaration provisions in chapter 13 plans was of growing concern to the courts, citing the court's concern In re Mammel, 221 B.R. 238 (Bankr. N.D. Iowa 1998), "Ultimately, this type of provision [discharge by declaration] trivializes the entire process and reduces it to a game of chance. If Debtor can obtain confirmation before the creditors, the Court, or the Trustee identify such a provision, the objectionable plan provision is elevated to a status beyond challenge. It is the opinion of this Court that this type of plan provision should be discouraged rather than encouraged under the guise of creativity." In re Ruehle, at 35.

In the case before the court, Debtor actually stated in her plan, that Beneficial's claim was *alleged* and *disputed*, and that Debtor intended to file an adversary proceeding. Beneficial contends that given Debtor's own language, Beneficial was entitled to the elevated notice requirements of an adversary proceeding, as set forth in the Bankruptcy Rules. If an adversary proceeding is required to resolve the disputed rights of third parties, the potential defendant has the right to expect that the proper procedures will be followed. In Re Beard, at 955.

Indeed, Judge Hillman noted "Whether or not a debtor may annul a mortgage on nonbankruptcy, consumer protection grounds through a chapter 13

plan (without need of an adversary proceeding), a debtor may not do so without much clearer notice than was afforded by this plan. (Order dated 11/24/04 at 11).

 

    **2.**    **Where a Debtor validly rescinded Creditor's mortgage, and subsequently relied upon the failure of Creditor to object to the Debtor's Chapter 13 Plan, and failure of the Creditor to object to Proof of Claim filed on its behalf, and where Debtor had no actual or constructive notice of a Proof of Claim filed by Creditor, did the Bankruptcy Court err in granting Relief from the Automatic Stay, especially in light of Creditor's acceptance of payments as an unsecured Creditor under the Plan, and the adequate equity cushion?**

    Debtor's second issue on appeal also presumes that Debtor validly rescinded the mortgage. Debtor did not properly rescind the mortgage. Debtor may have attempted to rescind the mortgage, but her efforts were not timely, she did not tender payment as required in a rescission, her demand for rescission was declined, and Debtor never filed an adversary proceeding, or any other litigation, to rescind the mortgage. Likewise, Debtor's reliance upon the failure of Beneficial to object to the Chapter 13 Plan, the failure of Beneficial to object to the proof of claim filed by Debtor, Debtor's knowledge of the proof of claim filed by Beneficial, and Beneficial's acceptance of plan payments are irrelevant to the court's determination that Beneficial was entitled to relief from stay. The only

relevant issue to the court's Order is the issue as to whether cause existed for relief from the stay.

A bankruptcy court has considerable discretion in granting relief from the automatic stay. The bankruptcy court's order will not be disturbed absent a showing of an abuse of discretion. Soares, at 973, Peerless Insurance Company v. Rivera, 208 B.R. 313; 1997 U.S. Dist. LEXIS 6495. A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, and may be rejected only if the reviewing court has a "definite and firm conviction that a mistake has been committed Peerless Insurance Co. v. Rivera, supra.

11 U.S.C. Section 362(d) provides that a party in interest may obtain relief from the automatic stay for "cause". The Code does not provide a definition of "cause", although case law holds that "cause" may exist where the debtor fails to make post-petition payments. In re Ellis, 60 B.R. 432, 1985 Bankr. LEXIS 4720 (9th Cir BAP), citing In re Quinlan, 12 B.R. 516 (Bankr. W.D. Wis. 1981) and In re Pizzullo, 33 B.R. 740 (Bankr. E.D. Pa. 1983).

Debtor contends that the bankruptcy court erred in granting relief from stay due to the equity cushion that allegedly exists in the property. As the court in In re Ellis, supra, pointed out, "This argument, although frequently made, completely misconstrues the essential elements of relief for stay litigation. First, the proponent of the stay – the debtor here-has the burden of showing that there is no cause to terminate the stay. See e.g., In re Gauvin, 24 B.R. 578 (Bankr. 9th Cir. 1982). Second, under section 362(d)(1), the stay must be terminated for "cause".

14

Lack of adequate protection is but one example of "cause" for relief from stay." Id at 435.

In the case at bar, the following facts were before the court. Beneficial's secured debt, as of July 8, 2004 was $268,138.12. The property was also encumbered by waste taxes, real estate taxes and water/sewer taxes in excess of $12,000.00. The value of the property, pursuant to Debtor's schedules was $300,000.00. Beneficial estimated that the liquidation value of the property was $280,000.00, based upon a liquidation analysis. Debtor did not dispute the valuation of the property, or the liquidation value. The court could have granted relief from stay on the fact that there was no equity in the property, and Beneficial was not adequately protected. At the time of the hearing, Debtor was ten post-petition payments in arrears, an arrearage in excess of $15,000.00. Debtor did not contend that post-petition payments had been made, or misapplied, but that Debtor's Notice to Rescind the Mortgage, and confirmed plan, relieved Debtor from her post-petition obligations. The court granted relief from stay on the grounds that Debtor's Plan did not affect the validity of Beneficial's secured interest, and adequate protection does not negate the existence of cause for relief from stay where the cause is not a lack of adequate protection but a significant arrearage.

Applying the appropriate standard of review to the bankruptcy court's decision, it is clear that the bankruptcy court's order must be upheld and Debtor's appeal dismissed.

**3.  Did the Bankruptcy Court err in summarily denying Debtor's motion for reconsideration wherein the Debtor represented that, prior to the Bankruptcy Court's underlying ruling, no party in interest, including Creditor's counsel and the Chapter 13 Trustee, had knowledge of the Secured Proof of Claim filed by Creditor and that the Bankruptcy Court's electronic filing system (PACER) failed to reflect the filing of that Claim, especially since Debtor simultaneously filed an adversary proceeding contesting this Proof of Claim in light of this newly discovered evidence?**

A bankruptcy court's order denying a motion for reconsideration is reviewed under the abuse of discretion standard.  In re Tardugno, 241 B.R. 777, 779 (1st Cir. BAP 1999).  A motion for reconsideration is not meant to be an opportunity to rehash old arguments that have been rejected.  "In order to justify a reconsideration of an order, a party must show that there has been some intervening development in the law, some new evidence not previously available, or that the prior order is clear error or would operate to create a manifest injustice."  NPR, Inc. v. American International Insurance Company of Puerto Rico, 262 F. Supp.2d 3, (Dist. PR 2003).

In the instant action, Debtor's motion for reconsideration presented no new evidence relative to the underlying issues regarding the validity of Beneficial's secured lien as affected by Debtor's confirmed Plan, or the bankruptcy court's order granting relief from stay.  The existence of a secured proof of claim filed by

16

Beneficial is simply irrelevant to the issues on appeal. Likewise, the fact that Debtor initiated an adversary proceeding *after* the court's ruling is of no consequence to this appeal. The issue before the bankruptcy court was whether Debtor's failure to file an adversary proceeding pursuant to the terms of the confirmed plan precluded a res judicata effect upon Beneficial's claim. Nor can Debtor justify the motion for reconsideration on alternate grounds as set forth in NPR, Inc. v. American International Insurance Company of Puerto Rico, supra, that is, that there has been some intervening development in law, or that the bankruptcy court's order is clear error or would operate to create a manifest injustice.

**4. Where the valid rescission of a security interest was raised as a defense to Creditor's Motion for Relief from Stay, and the Creditor never challenged the rescission nor briefed nor argued the validity of the security interest in the Bankruptcy Court, did the Bankruptcy Court err in vacating the stay and permitting foreclosure of the rescinded security interest?**

The bankruptcy court did not err in granting relief from stay in light of Debtor's allegations of rescission.

A hearing on a motion for relief is intended as a summary proceeding, and Section 362(e) of the Code requires that the preliminary hearing on a motion for relief occur within thirty days from the date the motion is filed, or the stay is considered lifted.

The First Circuit has concluded that in view of the limited grounds for relief set forth in Section 362, combined with the preliminary and summary nature of relief from stay proceedings, such hearings are simply a determination as to whether creditor has a colorable claim to property of the estate, and further, that such hearings are not intended to adjudicate the merits of the claims or defenses. Paul J. Grella, Trustee v. Salem Five Cents Savings Bank, 42 F.3d 26, (U.S. App 1st Cir. 1994).  In Grella, supra, the court looked to Congressional legislative history, and the bankruptcy rules to conclude that the scope of the motion for relief hearing is limited.  It is considered a contested matter, rather than an adversarial proceeding.  The court noted that if the preliminary hearings were to become adversary proceedings, the "bankruptcy courts would be forced to determine the validity, priority and extent of a lien during the relief from stay hearing, and the creditor's motion would thus become a "substitute" for the normal adversary proceedings on the merits. Grella, Id at 22.  The Grella court did not hold that a court could not consider claims and defenses in a motion for relief hearing, clearly the court may take into account any matter relating to the debtor's equity, or any matter that refutes a creditor's claim.  In the case at bar, Judge Hillman clearly considered Debtor's argument that Beneficial did not have a secured interest in Debtor's property by virtue of the treatment of the claim as unsecured in the confirmed plan.  Judge Hillman decreed that Debtor's Plan did not affect Beneficial's claim, and apparently rejected Debtor's claim that a mere allegation that the loan in issue was rescinded, made it so.

18

## V.  CONCLUSION

For the reasons set forth herein, the bankruptcy court's Order dated November 24, 2004, and the court's subsequent denial of Debtor's motion to reconsider are valid and enforceable, and Debtor's appeal must be denied and dismissed.

Respectfully submitted:
BENEFICIAL MASSACHUSETTS INC.
By Its Attorney,

/s/ Patricia A. Davis
Patricia A. Davis    BBO#556262
Thomas E. Carlotto    BBO#640277
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, Rhode Island  02903
(401) 272-1400 phone
(401) 272-1403 fax

Dated: March 23, 2005

19

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN MILES<br>    Appellant | )<br>)<br>) |
| v. | ) Case No. 1:05-cv-10226-WGY<br>) |
| BENEFICIAL MASSACHUSETTS INC.<br>    Appellee | )<br>) |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on March 23, 2005, a copy of the Appellee Brief of Beneficial Massachusetts Inc. was served via electronic notice or via first class mail postage prepaid, as indicated, to the following parties:

Kimberly Breger, Esq.
Legal Services Center of
Harvard Law School
122 Boylston Street
Jamaica Plain, MA  02130
Appellant's counsel

Paul Collier, Esq.
Law Offices of Paul Collier
675 Massachusetts Avenue
Cambridge, MA  02139
Appellant's counsel

/s/ Robin Jean Carney

1